**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KANWAR BHAN SINGH, | No.    15-73202 |
| Petitioner, | Agency No. A205-421-720 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Kanwar Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that even if Singh established past persecution, the presumption of a well-founded fear of future persecution was rebutted by evidence that he could safely and reasonably relocate to another part of India. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i), (ii); *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (government rebutted presumption that life or freedom would be threatened on account of a protected ground). Thus, Singh's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We lack jurisdiction to consider Singh's contention that the IJ ignored evidence because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

2                                                                                    15-73202